UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROLANDO GARCIA,

                 Petitioner,

-against-

JAMIE LAMANNA,

                 Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/17/2022_____

18 Civ. 5454 (AT) (KHP)

**ORDER**

ANALISA TORRES, District Judge:

    Petitioner *pro se*, Rolando Garcia, filed an application under 28 U.S.C. § 2254 challenging his New York state court conviction for manslaughter in the first degree. Pet., ECF No. 2. Before the Court are Petitioner's objections to the report and recommendation of the Honorable Katherine H. Parker (the "R&R") recommending that the petition be denied. *See* R&R, ECF No. 19; Pet. Obj., ECF No. 23. For the reasons stated below, the R&R is ADOPTED, and the petition is DENIED.

### DISCUSSION[1]

    I.    <u>Petitioner's Objections</u>

        A. Standard of Review

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v.*

---

[1] The Court presumes familiarity with the facts and procedural history, as detailed in the R&R, *see* R&R at 1–7, and, therefore, does not summarize them here.

*Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). A court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). A report and recommendation is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

B. Analysis

All of Petitioner's objections are conclusory and general. First, Petitioner, as he has done before every court considering his post-conviction petitions, requests a hearing and objects to the lack of a hearing. Pet. Obj. at 1–3; *see also, e.g.*, Pet. at 49, 74.[2] Such a hearing is precluded by

---

[2] Pagination based on the ECF-assigned page numbers.

*Shinn v. Martinez Ramirez*, 142 S. Ct. 1718, 1728 (2022), because Petitioner does not state he is innocent, *see* Pet. Obj. at 4. The R&R properly considered only the facts developed before the state court. *Shinn*, 142 S. Ct. at 1728. Next, Petitioner objects generally to the R&R's analysis of his ineffective assistance of counsel claim and his request that the Court reduce his sentence in the interest of justice. Pet. Obj. at 3–4. These objections are conclusory and merely reiterate his prior arguments. *See* Pet. at 5, 8. Petitioner also contends that the R&R improperly required that he explicitly state he would have proceeded to trial but for the alleged ineffective assistance of counsel. Pet. Obj. 3–4. This objection misunderstands the R&R's analysis. The R&R noted that Petitioner had not explicitly stated he would have proceeded to trial, however, it also conducted its analysis as if he had so stated. *See* R&R at 21–22. And, Petitioner argues that the R&R erred in finding that he was not prejudiced by any possible ineffective assistance of counsel because, but for that ineffective assistance, he "would not have been found guilty" because of his alleged extreme emotional disturbance. Pet. Obj. at 4. This objection is unsupported and conclusory. The R&R properly found, as the state court had, that had Petitioner pursued an extreme emotional disturbance defense at trial, the best possible outcome was conviction for first degree manslaughter, the crime to which he pleaded guilty. R&R at 21–22.

Finally, Petitioner makes two assertions for the first time in his objections. He alleges that his appellate counsel was ineffective, Pet. Obj. at 1–2, 4, and that the interpreter manipulated him into pleading guilty, *id.* at 3. These arguments cannot be raised for the first time in objections. *Razzoli*, 2014 WL 2440771, at *5.

Accordingly, Petitioner's objections lack merit and are OVERRULED. The Court has reviewed the thorough and well-reasoned R&R for clear error and finds none. Accordingly, the Court ADOPTS the R&R in its entirety.

II.   Request for Appointment of Counsel

Petitioner requests counsel for the first time in his objections to the R&R. Pet. Obj. at 2–3. Although Petitioner has not officially applied for appointment of counsel, the Court shall consider his request. A habeas petitioner has no constitutional right to counsel, *see Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991), and "the appointment of counsel to represent a pro se habeas petitioner rests in the court's discretion," *United States ex rel. Cadogan v. LaVallee*, 502 F.2d 824, 826 (2d Cir. 1974). In such circumstances, representation may be provided if the petitioner is a "financially eligible person" and the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Petitioner is financially eligible as shown by the Court's granting him permission to proceed *in forma pauperis*, ECF No. 1. *See Wilkinson v. Collado*, No. 22 Civ. 1702, 2022 WL 2163030, at *1 (S.D.N.Y. May 4, 2022). However, the interests of justice do not militate in favor of appointing counsel. Even liberally construed, Petitioner's claims do not have merit, *see* R&R. *See Shepperd v. United* States, No. 18 Civ. 4847, 2022 WL 1063731, at *5 (S.D.N.Y. Apr. 5, 2022). Therefore, the Court DENIES Petitioner's request that counsel be appointed.

III.   Certificate of Appealability

A petitioner may appeal the denial of a § 2254 application only if the district court or the court of appeals issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c). To obtain a COA, a petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks, alterations, and citation omitted). Because the petition does not make a substantial showing of a denial of a constitutional right, the Court

declines to provide a COA.  *See* 28 U.S.C. § 2253.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R in its entirety and DENIES the petition.  The Clerk of Court is directed to close this matter and mail a copy of this order to Petitioner *pro se*.

SO ORDERED.

Dated:  August 17, 2022
           New York, New York

_____
ANALISA TORRES
United States District Judge